Hay, Judge,
delivered the opinion of the court:
The facts are fully set forth in the findings. The plaintiff is suing for the sum of $1,671.39, the cost of superintendence and inspection. This sum was deducted by the contracting officer from moneys due the plaintiff under the contract.
The contract provided as follows:
“ If the contractor shall fail to deliver the material or to prosecute the work covered by this contract so as to complete the same within the time agreed upon, then, in lieu of taking the work out of the hands of the contractor as provided in article 4 of this agreement, the contracting officer, with the prior sanction of the Chief of Engineers, may waive the time limit and permit the contractor to finish the work within a reasonable period, to be determined by the contracting officer. Should the time limit be thus waived all expenses for inspection and superintendence after the date fixed for completion, including all necessary traveling expenses connected therewith, and all other actual losses and damages to the United States due to the delay beyond the time originally set for completion, shall be determined by the contracting officer and deducted from any payments due or to become due the contractor: Provided, however, That no charge for inspection and superintendence shall be made for such period after the date fixed for completion of this contract, as, in the judgment of the contracting officer, approved by the Chief Engineers, shall equal the time which shall have been lost through any cause for which the United States is responsible, either in the beginning or prosecution of the work, or in the performance of extra work ordered by the contracting officer, or on account of unusual freshets, ice, rainfall, or other abnormal force or violence of the elements, or by strikes, epidemics, local or State quarantine restrictions, or other unforeseeable cause of delay arising through no fault of the contractor, and which actually pre *16 vented such contractor from delivering the material or commencing or completing the work within the period required by the contract. The findings of the contracting officer, approved by the Chief of Engineers, shall be accepted by the parties hereto as final. But such waiver of the time limit and remission of charges shall in no other maner affect the rights or obligations of the parties under this contract, nor be construed to prevent action under article 4 hereof in case the contractor shall fail, in the judgment of the contracting officer, to make reasonable and satisfactory progress after such waiver of the time limit.”
The plaintiff filed a claim with the contracting officer sometime after final settlement,, and the contracting officer, on June 10, 1922, about eighteen months after his first decision that the plaintiff was bound for this cost undertook to reconsider his decision, and held that the amount should be refunded to the plaintiff. The Chief of Engineers did not approve this action of the contracting officer, and therefore the provisions of the contract were not complied with. The court must enforce the provisions of the contract, and it can not avoid the conclusion that the plaintiff has not brought itself within those provisions. The petition must be dismissed.
It is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.